**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

**MICKEY EDWARDS,**

    **Petitioner,**

**v.**                                                                 **No. 1:24-cv-01160-STA-jay**

**ROBERT ADAMS, JR.,**

    **Respondent.**

**ORDER DENYING § 2254 PETITION, DENYING A CERTIFICATE OF
APPEALABILITY, CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH, AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Mickey Edwards has filed a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2254.  (ECF No. 2 (the "§ 2254 Petition").)  For the following reasons, Edwards' § 2254

Petition is **DENIED**.

**STATE COURT PROCEDURAL BACKGROUND**

On October 23, 2012, a Shelby County grand jury returned an indictment charging Edwards

with four counts of aggravated burglary, three counts of theft of property over $1,000.00, one count

of identity theft, one count of fraudulent use of a debit/credit card over $1,000.00, and one count

of theft of property under $500.00.  (ECF No. 16-1 at PageID 124-35.)

Counsel for Edwards filed a motion to suppress evidence obtained from a search and a

motion to suppress a photo lineup identification.  (ECF No. 16-2 at PageID 188; ECF No. 16-3 at

PageID 243.)  The trial court held a hearing on the motions on September 12, 2013.  (ECF No. 16-

2.)  On October 18, 2013, the trial court denied Edwards' motions to suppress.  (ECF No. 16-3.)

At some point, counsel for Edwards also filed a motion to sever the offenses.  The trial

court conducted a hearing on that motion on November 1, 2014.  (ECF No. 16-4.)  The trial court

denied the motion, concluding that the offenses showed a "common scheme or plan" and that they

were of "same or similar character.". (*Id.* at PageID 276-79.)  The trial court based that conclusion

on, *inter alia*, testimony presented at the suppression hearing that Edwards had "in his possession[]

a list of these addresses with notes about whether or not people were home, whether or not there

were cars in the driveway." (*Id.* at PageID 277.)

On November 16, 2013, a jury found Edwards guilty of all ten counts from the indictment.

(ECF No. 16-10 at PageID 961-64.)  Edwards appeared before the trial court for sentencing on

February 28, 2014.  (ECF No. 16-13.)  The trial court sentenced Edwards to an effective sentence

of 60 years of incarceration.  (ECF No. 16-1 at PageID 152-61.)  Edwards, through counsel, filed

a motion for new trial on March 25, 2014.  (*Id.* at PageID 162-78.)  The trial court held a hearing

on the motion on May 5, 2014.  (ECF No. 16-14.)  That day, the trial court denied the motion for

new trial.  (ECF No. 16-1 at PageID 179.)

Edwards filed a notice of appeal to the Tennessee Court of Criminal Appeals ("TCCA").

(*Id.* at PageID 181.)  On appeal, Edwards argued: (1) the trial court erred in denying his motion to

suppress; (2) the trial court erred in denying his motion to sever the counts in the indictment; (3)

the trial court erred in denying his motion to exclude evidence of his prior record; and (4) the

evidence was insufficient to convict him of all ten counts set forth in the indictment.  (ECF No.

16-16 at PageID 1207.)  The TCCA affirmed the trial court's judgments on August 27, 2015.  *See*

*State v. Edwards*, No. W2014-00987-CCA-R3-CD, 2015 WL 5169110, at *1 (Tenn. Crim. App.

Aug. 27, 2015) (ECF No. 16-18).  On December 11, 2015, the Tennessee Supreme Court ("TSC")

denied Edwards' application for permission to appeal.  (ECF No. 16-21.)

On February 1, 2016, Edwards returned to the state court and filed a *pro se* petition for

post-conviction relief.  (ECF No. 17-1 at PageID 1424-83.)  The post-conviction court appointed

counsel to represent Edwards during post-conviction proceedings.  (*Id.* at PageID 1484, 1488.)

2

Counsel filed an amended petition for post-conviction relief on February 13, 2018. (*Id.* at PageID 1490-93.) Ultimately, Edwards was granted leave to proceed *pro se*, with standby counsel, and filed a sixth amended post-conviction petition. (ECF No. 17-2 at PageID 1576-1606.) After conducting numerous evidentiary hearings, the post-conviction court denied Edwards' post-conviction petition on April 17, 2023. (*Id.* at PageID 1607-24.)

Edwards appealed. (*Id.* at PageID 1625-29.) On May 31, 2023, the TCCA noted that Edwards was asserting his right to self-representation on appeal and remanded the matter to the post-conviction court to conduct a hearing to "ascertain whether [Edwards] knowingly and intelligently waives his right to counsel on appeal." (*Id.* at PageID 1630-31.) The post-conviction court conducted that hearing on June 22, 2023. (ECF No. 17-10.) On July 3, 2023, the post-conviction court entered an order concluding that Edwards had freely and voluntarily waived his right to appellate counsel. (ECF No. 17-2 at PageID 1634.)

On post-conviction appeal, Edwards raised one claim of ineffective assistance of counsel, asserting that counsel failed to object to prosecutorial misconduct during opening statements and closing arguments. (ECF No. 17-15 at PageID 1961.) The TCCA affirmed the denial of Edwards' post-conviction petition. *See Edwards v. State*, No. W2023-00653-CCA-R3-PC, 2024 WL 321665, at *1 (Tenn. Crim. App. Jan. 29, 2024) (ECF No. 17-26).

## FEDERAL HABEAS PROCEEDINGS

Edwards filed his § 2254 Petition on July 29, 2024. (ECF No. 2.) He raises the following grounds for relief: (1) ineffective assistance of counsel (Ground One); (2) the post-conviction court and TCCA violated post-conviction and appellate procedures and his due process right to appeal (Ground Two); and (3) whether prosecutorial misconduct was a freestanding claim that was

waived for review on post-conviction appeal (Ground Three).  (*Id.* at PageID 5-6; ECF No. 2-6 at PageID 27, 35-53.)

On August 6, 2024, the Court dismissed Grounds Two and Three pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and directed Respondent to file a limited response to Ground One and the relevant portions of the state court record.  (ECF No. 8.)  On October 17, 2024, Respondent filed the state court record (ECF Nos. 16 & 17) and a response (ECF No. 19).  Respondent argues that Ground One lacks merit.  (ECF No. 19 at PageID 2119-24.)  Edwards filed a reply on November 6, 2024.  (ECF No. 22.)

## FEDERAL HABEAS REVIEW STANDARD

The statutory authority for federal courts to issue habeas corpus relief for persons in state custody is provided by § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *See* 28 U.S.C. § 2254.  Under § 2254, habeas relief is available only if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The availability of federal habeas relief is further restricted when the petitioner's claim was "adjudicated on the merits" in the state courts.  28 U.S.C. § 2254(d).  In that circumstance, the federal court may not grant relief unless the state-court decision "'was contrary to' federal law then clearly established in the holdings of [the Supreme] Court; or . . . 'involved an unreasonable application of' such law; or . . . 'was based on an unreasonable determination of the facts' in light of the record before the state court."  *Harrington v. Richter*, 562 U.S. 86, 100 (2011) (quoting 28 U.S.C. § 2254(d)(1)-(2)) (citations omitted)).

A state court's decision is contrary to federal law when it "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or when "the state court confronts

4

facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at" an "opposite" result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An unreasonable application of federal law occurs when the state court, having invoked the correct governing legal principle, "unreasonably applies the . . . [principle] to the facts of a prisoner's case." *Id.* at 409.

For purposes of § 2254(d)(2), a state court's "factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). The Sixth Circuit construes § 2254(d)(2) in tandem with § 2254(e)(1) to require a presumption that the state court's factual determination is correct in the absence of clear and convincing evidence to the contrary. *Ayers v. Hudson*, 623 F.3d 301, 308 (6th Cir. 2010) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)). A state court's factual findings are therefore "only unreasonable where they are 'rebutted by clear and convincing evidence and do not have support in the record.'" *Moritz v. Woods*, 692 F. App'x 249, 254 (6th Cir. 2017) (quoting *Pouncy v. Palmer*, 846 F.3d 144, 158 (6th Cir. 2017)) (internal quotation marks omitted).

## ANALYSIS

Ground One is the sole ground for relief remaining before this Court. Edwards contends that trial counsel rendered ineffective assistance by "failing to object to the prosecutorial misconduct during opening statements and closing arguments making improper and inflammatory remarks to the jury, with using the similar acts evidence in each offense as proof of remarks." (ECF No. 2 at PageID 5.)

A claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on such a claim, a petitioner must demonstrate two

5

elements: (1) "that counsel's performance was deficient"; and (2) "that the deficient performance prejudiced the defense." *Id.* at 687. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686.

To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. A court considering a claim of ineffective assistance must apply "a strong presumption" that the attorney's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks and citation omitted).

An attorney's "strategic choices" are "virtually unchallengeable" if based on a "thorough investigation of law and facts relevant to plausible options . . . ." *Strickland*, 466 U.S. at 690. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690-91.

To demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 693) (citations omitted). Instead, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

6

The deference to be accorded a state-court decision under 28 U.S.C. § 2254(d) is magnified

when a federal court reviews an ineffective assistance claim:

> Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Harrington*, 562 U.S. at 105.

> During opening statements, the prosecutor made the following remarks:

> The proof will show, ladies and gentlemen, that three burglaries were all discovered on November 26 of 2011, and these burglaries were carried out much the same way the Dhaliwal's burglary was carried out. That all these burglaries were similar in what law enforcement like to refer to as MO, modus operandi, the way that something is carried out.

(ECF No. 16-5 at PageID 357.) Throughout closing arguments, the prosecutor again argued that

the burglaries were all carried out in the same manner. (ECF No. 16-10 at PageID 903-15.)

Petitioner faults trial counsel for not objecting to these remarks.

On post-conviction appeal, the TCCA summarized the relevant evidence regarding

counsel's performance:

> On April 30, 2021, the post-conviction court held another hearing, at which the Petitioner testified about additional complaints with trial counsel and co-counsel. The Petitioner said trial counsel failed to object to the prosecutor's stating in opening statement and in closing argument that the Petitioner was guilty. The Petitioner said the trial court admonished the prosecutor about the statement the Petitioner was guilty. The Petitioner said that the prosecutor made the statement five times and that his attorneys did not object. The Petitioner said the prosecutor made a propensity evidence argument based upon factual similarities in the modus operandi of the charged offenses. He said no prosecutorial misconduct issue was raised on appeal. He acknowledged that the court had denied trial counsel's motion for a severance.

> After the parties submitted written arguments, the post-conviction court held a hearing on September 21, 2021, in order to receive the parties' oral arguments.

7

The Petitioner began representing himself pro se, and he filed additional amendments to the petition. On July 1, 2022, the post-conviction court held another hearing, at which the court permitted the Petitioner to recall trial counsel as a witness.[] Trial counsel testified that she did not object during the prosecutor's closing argument because she did not think prosecutorial misconduct occurred. Trial counsel agreed that she had not included prosecutorial misconduct in the motion for a new trial because she had not thought misconduct occurred. Trial counsel explained, "I guess my thinking was that because the severance motion had been denied, that those arguments were ruled permissible and [the prosecutor] was able to do that and that's why I didn't make a contemporaneous objection at trial." Trial counsel did not recall anything to which she should have objected in the prosecutor's opening statement.

*Edwards*, 2024 WL 321665, at *2-3 (footnote omitted).

The TCCA summarized the trial court's denial of Petitioner's ineffective assistance claim:

In an April 17, 2023 written order, the post-conviction court denied relief. As relevant to this appeal, the court found that the prosecutor mentioned the word "guilty" or "guilt" seven times in her initial closing argument and the word "guilty" once in her final argument. The court found, "All the conclusions the prosecutor stated to the jury in her closing arguments were based on her review of reasonable inferences to be drawn from the evidence made immediately prior to making those statements." The court found that the prosecutor's arguments were "temperate, . . . based upon evidence introduced at trial, and . . . pertinent to the issues being tried." *See Coker v. State*, 911 S.W.2d 357, 368 (Tenn. Crim. App. 1995). The court determined that the prosecutor's arguments were "conclusions based upon inference supported by evidence in the record." *See State v. Brown*, 836 S.W.2d 530, 552-53 (Tenn. 1992). Thus, the court concluded that no objectionable prosecutorial misconduct occurred. The court found that trial counsel and co-counsel had not performed deficiently by not objecting and that the Petitioner had not shown prejudice from the lack of objection. The court concluded that the Petitioner failed to prove his ineffective assistance of counsel claim relative to lack of objections to alleged prosecutorial misconduct during closing argument.

*Edwards*, 2024 WL 321665, at *3.

The TCCA then went on to cite and apply the clearly established Supreme Court precedent

in *Strickland*. *Id.* at *4. The TCCA stated:

Regarding her lack of objection to the prosecutor's closing arguments, trial counsel testified that she did not perceive any prosecutorial misconduct. Upon its review of the trial record, the post-conviction court concluded that the prosecutor's arguments summarizing the evidence and inviting the jury to infer guilt therefrom did not constitute prohibited prosecutorial misconduct. The court found, as well, that trial

8

counsel and co-counsel had not performed deficiently in declining to object to this argument because no basis existed for the court to sustain the objection in the absence of misconduct and that the Petitioner was not prejudiced by the lack of objection. The evidence does not preponderate against the court's factual findings regarding the lack of deficient performance and prejudice. Likewise, the court's findings support its conclusion that the Petitioner failed to carry his burden of proving his ineffective assistance of counsel claim based upon the lack of objection to closing arguments. The court did not err in denying relief based on this ineffective assistance of counsel claim.

*Id.* at *5.

In his § 2254 Petition, Petitioner contends that trial counsel knew "that the prosecutor [was] rejected by the trial court in the severance hearing . . . using the similar acts evidence to be an MO of the Petitioner as signature crimes." (ECF No. 2-6 at PageID 36.)  He argues that the prosecutor referred to similar acts in opening statements and closing arguments "with the intent to inflame the jury with unfair prejudice to the Petitioner . . . by misleading the jury as to the inferences they may draw from the similar acts evidence." (*Id.* at PageID 37.)

Petitioner's arguments, however, are misplaced and based upon a misunderstanding of the record.  On direct appeal, Petitioner argued "that the trial court erred when it denied his motion to sever the offenses in the indictment."  *Edwards*, 2015 WL 5169110, at *14.  In these habeas proceedings, Petitioner focuses his argument on the fact that the TCCA noted that while the "crime scenes did exhibit several similar characteristics," the court did "not believe such evidence was so unusual that a reasonable person could conclude that it was not likely that anyone other than the Defendant committed the crime." *Id.* at *15.  Petitioner essentially appears to suggest that, because the TCCA ruled that the "trial court correctly found that the offenses were not signature crimes," *id.*, the prosecutor could not make any reference to the similarities during opening statements and closing arguments.

9

Petitioner, however, overlooks the fact that on direct appeal, the TCCA noted that severance was properly denied because the evidence suggested the "offenses were part of a larger, continuing plan or conspiracy." *Id.* Specifically, the TCCA stated:

> In this case, the Defendant had a list of over twenty addresses in Germantown along with notes indicating whether cars were located in the driveway, newspapers were piling up at the mailbox, or mail was left on the front porch. Additionally, both the Barker and Williams residences were on the list, and the other two homes the Defendant was accused of burglarizing were located very close to addresses included on the list. The list tends to show that the Defendant was casing this Germantown neighborhood to determine when the homes' occupants were out of town in order to break into the houses and steal property. We believe this evidence shows that the Defendant's acts for which he was charged were part of a larger working plan to burgle additional unoccupied homes in Germantown and that they were not simply a string of burglaries. Additionally, we conclude that evidence of each crime would be admissible in a trial of the others as evidence of a common scheme or plan under Rule 404(b) to show identity. Accordingly, the trial court did not abuse its discretion when it denied severance of the offenses.

*Id.* Notably, even though both the trial court and the TCCA did not base the denial of the severance motion on a conclusion that the offenses were not signature crimes, nowhere in the record is there any support for a suggestion that the trial court precluded the prosecution from mentioning similar acts during opening statements and closing arguments. In fact, as set forth above, counsel explained that she did not object to these statements under the belief that such arguments were permissible because the motion to sever had been denied.

To demonstrate prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). A court should consider the extent to which the claimed misconduct tended to mislead the jury or prejudice the petitioner. *See United States v. Young*, 470 U.S. 1, 11-12 (1985).

Upon review of the record, the Court concludes that the TCCA properly concluded that no objectionable prosecutorial misconduct occurred during opening statements and closing arguments. Instead, the prosecutor correctly summarized the evidence, focusing on the list of addresses found in Petitioner's possession, which included two of the burglarized homes, and the similarities among the burglaries. Given that the evidence presented at trial could allow the jury to infer that the burglaries were committed by the same individual given the similarities among them, Petitioner fails to explain, and the Court fails to discern, how the prosecutor's statements misled the jury or prejudiced Petitioner in any way. Any objection raised by trial counsel would have been meritless, and counsel is not ineffective for failing to raise meritless objections. *See Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020).

Edwards fails to demonstrate that trial counsel was ineffective for failing to object because he fails to demonstrate that any objectionable prosecutorial misconduct occurred during opening statements and closing arguments. The TCCA's determination, therefore, was not contrary to or an unreasonable application of clearly established Supreme Court precedent in *Strickland* and was not based on an unreasonable determination of facts in light of the evidence presented. Accordingly, Ground One lacks merit and is **DENIED**.

## CONCLUSION

For the foregoing reasons, Ground One of Edwards' § 2254 Petition lacks merit. Because the Court has now adjudicated and denied all of Edwards' grounds for relief, Edwards' § 2254 Petition (ECF No. 2) is **DENIED**. Judgment shall be entered for Respondent.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA

11

may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the § 2254 Petition. Because any appeal by Edwards does not deserve attention, the Court **DENIES** a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith.

Leave to appeal *in forma pauperis* is therefore **DENIED**.[1]

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. Thomas Anderson
United States District Judge

Date: July 2, 2026.

---

[1] If Edwards files a notice of appeal, he must also pay the full $605.00 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.